Judge Minus
delivered the opinion.
This is an action of trespass, assault, battery, and imprisonment, and the issue was intended to be made upon the freedom or slavery of the appellant, who is a person of color. On the trial of the cause in the court below, the appellant introduced a record from the county court of Clarke, In which it appeared that a certain Mrs. Reed, a resident of that county, had owned the appellant, and was since dead; and that during her life and ownership, she had procured an instrument of writing to be written,-emancipating the appellant after her death, which writing she executed and acknowledged to be her act and deed faelore at least two persons, whom she caused to attest it as witnesses — that the instrument of writing had been lost, and the witnesses proved its contents, with the foregoing facts; all which the county court had ordered to be recorded.— Neither of the witnesses could remember certainly whether the instrument was sealed, though they remember that Mrs, Reed acknowledged it as a deed of emancipation, and ihe witnesses considered -it as such. The court, on the appli* *494 cation of the appellee’s counsel, rejected this evidence as inadmissible. The appellant’s counsel then proved the loss of the instrument of emancipation, and introduced one of the subscribing witnesses and asked him whether he did not ¡trepare for, and at the request of, Mrs. Reed, an instrument manumitting Winncy, the appellant, and whether she did not sign and acknowledge it, and he attest it asa witness. The witness replied in the affirmative. The witness was then asked to state the contents of the writing. This question vvas objected to; and on the appellant’s counsel admitting that said instrument had never beeu either proved or acknowledged and recorded, except as attempted in the county court of Clarke, as afore set forth, the court rejected the testimony and would not let the enquiry progress further. To these decisions exceptions were taken, and their propriety is now presented to the consideration of this court.
As has been remarked in argument, it was long the law in Virginia, that slaves could not be emancipated except for meritorious services, and by complying with a number of nquisites difficult to be complied with, so that atone period a very difficult mode existed, whereby a master was allowed to manumit a slave. To remedy (bis the legislature, in 1782, passed an act allowing emancipation and prescribing the mode. This act literally agrees with the act of this stale which will be found in 2 Litt. 119 By each of these acts a sealed writing was necessary, executed by the master, and even this vvas not sufficient. It must also be attested end acknowledged, or be proved by two witnesses in the county court. Thus not only the execution of a sealed writing, but the attestation and proof, or acknowledgment of it, was essential to a complete emancipation. No right to freedom vested till ail was complete. Hence it was decided, by this court, in the case of Donaldson vs. Jade, &c. Bibb 57, in effect, that a defect in the proof or acknowledgment, was a defect in the emancipation itself. Had the law remained till the date of this emancipation, as it was enacted by the act of 17S2, and the act of 1798, it would be difficult to impeach the last decision of live court below; for it is evident that the decision of that court, rejecting the evidence of the subscribing witness, must have turned essentially on the want of a seal, or on the want of prooí asid acknowledgment in the county court, or on both these requisites being absent. *495 Taking the affixing of the seal and the proof or acknowledgment in court as some of the essential series of acts irecessary to an emancipation, it could not be clearly said that they had been complied with by any thing shewn in the present case.
Bv the act of 1800, emancipation may be affected bv an instrument in writing, made by a master of eighteen years or upwards, and signed without a seal ap-pendant ; not so bv the act of 1782 and 179 >; those sta*utes re-. quire a seal and recording
If the letter of emancipation is lost, its contents may be proved by evidence a&-unde>
Rat by an act of 1800, 2 Litt. 331, it is enacted,— “ That any person of the age of eighteen years, being possessed of, or having a right to, any slave or slaves, may, by bis or her last will and testament, or by an instrument of writing, emancipate such slave or slaves.” This is the Whole of the statute, except a repealing clause which does not affi ct the meaning and construction of the residue. By the express words of this act, the power is granted to emancipate by a will or instrument of writing, so that whenever the instrument of writing is made, by that per se, the emancipation is complete. The seal is dispensed with. If the act of the emancipation goes so far as the completion of what may be termed an instrument of writing, that is, a writing declaring its object, and signed by the party, the appendage of a seal is not necessary. The so proof or acknowledgment is likewise dispensed with, far as it constitutes an essential ingredient in the manumission, Since the passage of this act we conceive that a writing emancipating a slave, is placed on the footing of a Will after the death of the testator, or a deed before its en-rolment and after the execution and delivery. It is valid and passes the estate. It may be recorded ori proper evi dence. to make it evidence against certain persons, and in perpetúan rei mtmoriam ; but the act of recording does not vest the title, nor is the title suspended till that is done. The comparison of the provisions of the two acts, that of 1798 and that of 180(1, will shew this. The first declares the right to emancipate by instrument of writing — but it must be under band and seal — attested—and proved or acknowledged, by the party, in the county court, thereupon the slave was discharged. All these acts concurring the right was complete. Any of them being lacking, no right passed by the part that was performed. But the latter declares the right to emancipate by the performance of the first act in the series required by the first law, to wit : by the instrument of writing alone. It vests the right sooner as the work progresses, and if it goes on to aftestatioU and proof, evidence more certain and permanent is afforded. If these latter acts are not performed, *496 an(j *[jg certainty intended by them is not attainable, it does not thence follow that the title cannot be shewn by proof aliunde. If this construction of the act of 180** is incorrect, then it is not true that any person above, or of the age of eighteen years, can emancipate by instrument of writing, and more must be done, or nothing is effected. Such a construction would contravene the express letter of theact. From this reasoning it fdlows that the court below erred in rejecting the parol evidence of tile contents of the writing after the making and loss were proved, because a sealing and proof or acknowledgment were not exhibited
?,ct emancipation need not he recorded ex-perpetuity to the evidence
In the event of a lo-s of a letter o¡ emancipation eourt°shoidd noi receive evidence of its contents theP person* claiming the benefit of the sboubfresort to a bill in equity, with proper pm-
The remaining question is, was the record from the county court of Clarke properlv rejected? Some doubts are entertained whether the act ol 1*00 has not solar changed the provisions of the act of 1798, as to dispense a 1 t0gether with proof or acknowledgment. Cut we adopt the opinion, that the provisions of the act of 1798 may still be complied with, even with regard to unsealed instruments. It is true the concurrence of ihe county court is not essential to the emancipation, but it may give perpetuity lo it, and afford permanent evidence that emancipation lias taken place. Two objects or purposes are apparent in the act of 1798. The first was, that the act of the eourt should be one of the ingredients composing the emancipation — the second, to afford evidence that emancipation had taken place. The first of these- purposes is defeated by the act of I80u, but the latter may still be attained by the acknowledgment and proof of the instrument, and the certificate of freedom required to be made t ^ the first act mav still be granted lo the person e- - . . , ■ . ? rr , , ■ mancipated, altho’ no seal may be affixed to the instru-dent
we concelve ^le coun5y court may take the acknowledgment, or proof of such an instrument as the one now in controversv appears to be, the only remaining en-qj¡rj was the county court authorized, when the instrument was not produced, to take proof, not only of its execution, bu! of its contents ? When the instrument is produced, the county court may resort to evide ce of an biferior grade to prove its execution, on shewing that the last evidence cannot be had as was decided by this court jn the case of Clarke vs. Bartlett. 4 Bibb. 201. But this case £j0(;s not tsteu[) s0 far as t0 permit evidence ex parte *497 of ihe contents of the instrument itself. The case of Happy’s tvill, 4 Bibb. 553, has been cited and relied upon. But there is an evident difference between the power and jurisdiction ef the county courts, in this state, over wills, and that which they possess with regard to instruments of emancipation or even conveyance of land In the first case their powers are ample, and their jurisdiction extends to all testamentary matters, and their decision in favor of a will is incontestible except by bill in chancery brought within seven years. Hence it may be inferred that they possess powers, over wills, similar to those given to courts of chancery to relieve against accidents. But the power of the same courts, over conveyances and instruments of emancipation, is far less than in the case of wills. It is, in ihe latter case, limitied and special, and partially min* isterial, and the instrument may afterwards be contested, whenever it comes in question, by shewing that it was fraudulent, or obtained by duresse, or that the party ma> king.it was wholly unable to contract. Hence we conceive that it would be placing the safest limit to their jurisdiction, in the case oí instruments of emancipation, to allow it to attach only to the instrument itself when produced before them, and not to infer their right to take the proof of such paper, when none such was adduced to them. They are then allowed only to take the proof of the writing itself, and not the proof that such periling existed— that it was lost, and then the proof of its contents Many pernicious consequences might follow the doctrine that county courts could ex parte take the proof of lost deeds and instruments of emancipation, and thereby relieve against accidents and design. It would be better to adopt the principle, that in all such cases, the party claiming the benefit of the lost instrument, should be compelled to resort to a court of equity by bill, with proper parties, there to obtain relief against such misfortunes. It then follows that the county court of Clarke had no jurisdiction to take the proof and relieve against the loss of the instrument as in this case was attempted, and that the court below did right in rejecting the proceedings of tbat court as evidence on this trial ; but erred in refusing to permit the appellant to prove the loss, execution and contents of tbe instrument, as shewing a right to freedom. A majority of the court concurs in so much of this opinion, as admits the jurisdiction of tbe county court over an instrument of e *498 mancipation, not sealed, as allowed in the act of 1800. From that part Judge Owsley dissents, and inclines to the opinion that over such an instrument the county court has no power, and that an instrument, of which that court can take proof, must at least correspond with the act of 1798. But the court is unanimous that the act of 1800 allows emancipation by instrument of writing without seal, and without proof or acknowledgment in the county court, and that the court erred in rejecting the proof of the execution of such writing and its contents after its loss was proved, and that the county court bad no jurisdiction to take the proof of the instrument as attempted, and therefore, that part of the evidence was properly rejected. This lack of jurisdiction arises in the opinion of a majority of the court, from the want of the production of such instrument to authorize that court to proceed ; hut in the opinion of the dissenting judge, from a want of authority to take the proof or acknowledgment of such unsealed instrument, if it bad been produced.
Crittenden, for pl’ff. Talbot, for defend’t. in error.
To avoid further embarrassment in the cause, as it is to be reversed, we will suggest that we discover no replication in the record to the affirmative plea of the defendant below, and that it would be proper that new proceedings should commeuce in that court by compelling a complete issue to be formed before another trial may be had.
The judgment must be reversed and verdict set aside, and new proceedings directed, not inconsistent with this opinion.